FILED
DES MOINES, IOWA

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
**Davenport Division**

02 JUL 26 PM 3: 12

SOUTHERN DISTRICT OF IA

| | | |
|---|---|---|
| AUDIO ODYSSEY, LTD.,<br>DOGAN A. DINCER, and<br>ANN M. DINCER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>THE UNITED STATES SMALL<br>BUSINESS ADMINISTRATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3-99-10161 |

**DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY OR
PARTIAL SUMMARY JUDGMENT AND TO STRIKE JURY DEMAND**

Table of Contents:

1. The Law of the Case Doctrine Does Not Bar Defendants' Arguments. ............. 2

2. Plaintiffs Cannot Recover Economic Losses. .................................................... 4

3. Plaintiffs cannot recover for alleged reputation damages. ................................ 5

4. Plaintiffs' recovery for emotional damages is barred without physical injury.    5

5. The SBA Owed No Good Samaritan Duty to Plaintiffs' Property .................... 6

6. Defendants cannot be liable for failing to perform a field visit. ....................... 6

7. There is no basis to plaintiffs' negligence claims for alleged failure to perform
liquidation plan. ................................................................................................ 7

8. Defendants were not the cause of any injury to plaintiffs. ............................... 9

9. Plaintiffs' Contract Claims Lack Merit. ........................................................... 9

Defendants, the United States of America and the United States Small Business Administration (collectively "the SBA"), by and through their undersigned counsel, respectfully submit this Reply to Plaintiffs' Resistance Brief ("Pls. Res.").

1. The Law of the Case Doctrine Does Not Bar Defendants' Arguments. Plaintiffs assert that certain arguments that defendants raised in their opening brief are barred by the "law of the case" doctrine. Pls. Res. at 29. Plaintiffs, however, misconstrue this doctrine.

"The doctrine of the "law of the case " is a discretionary tool permitting a district court to effectively manage the legal issues arising during litigation. It does not deprive the district court of the ability to reconsider earlier rulings." Conrod v. Davis, 120 F.3d 92, 95 (8th Cir. 1997). Courts are generally more willing to employ the doctrine if the issues were resolved through a full trial on the merits, rather than preliminary decisions in a case. See, e.g., Peterson v. City of Plymouth, 60 F.3d 469, 473 (8th Cir. 1995) ("legal conclusions were made in the context of a summary judgment motion and did not foreclose further litigation of Peterson's claims or the officers' qualified immunity defense").

The law of the case doctrine only applies if there has been an "[a]ctual decision of an issue" it "does not reach a matter that was not decided" and "[a]s compared to claim preclusion, it is not enough that the matter could have been decided in earlier proceedings." 18B, C. Wright, A. Miller E. Cooper, Federal Practice and Procedure, § 4478 p. 649-50 (2d ed. 2002) (hereinafter "Federal Practice").[1] Thus, although the doctrine extends to issues that were implicitly decided,

---

[1] Accord Jones v. United States, 255 F.3d 507, 510 (8th Cir 2001) ("All issues decided by an appellate court become the law of the case"; holding law of the case did not apply where court of appeals had no opportunity to consider the issue at hand) (emphasis supplied); Roth v. Sawyer-Cleator Lumber Co., 61 F.3d 599, 602 (8th Cir.1995) ("law of the case applies only to issues actually decided, either implicitly or explicitly, in the prior stages of a case …. As there was no decision concerning loss, the doctrine of law of the case does not apply.") (emphasis supplied); Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir. 1996) (When a case has been decided by this court on appeal and remanded to the district court, every question which was before this court and disposed of by its decree is finally settled and determined) (emphasis supplied); Darling v. Sullivan, 914 F.2d 132, 135 (8th Cir. 1990) (law of the case doctrine did not apply where "prior opinion …

this only includes issues that were necessarily decided by implication. <u>AL Tech Specialty Steel Corp. v. Allegheny Intern. Credit Corp.</u>, 104 F.3d 601, 605 (3d Cir. 1997) ("The law of the case doctrine applies ... both to issues expressly decided by a court in prior rulings and to issues decided by <u>necessary</u> implication.") (emphasis supplied; quotation omitted); <u>UniGroup, Inc. v. Winokur,</u> 45 F.3d 1208, 1211(8th Cir. 1995) (characterizing issues implicitly decided as including only issues that were "necessarily encompassed" by the earlier decision).

Neither this Court nor the Court of Appeals decided, either expressly or by necessary implication, any of the following arguments raised in defendants' opening brief: (1) that defendants could not recover any of the damages sought, (section II.A); (2) that a liquidation plan was not intended for borrowers' benefits (section IV.A.); (3) that plaintiffs' tort claims cannot succeed without showing that the SBA wrongly failed to decide against proceeding with liquidation (section IV.B); (4) that the provision at issue in the Guaranty Agreement between the SBA and the Bank did not impose a duty upon the SBA (section VI.A); and (5) that the Bank waived any claim regarding the lack of written consent (section VI.B). Thus, the law of the case doctrine does not bar consideration of these issues.

In section II.B of defendants' brief, the SBA pointed out that since the date of this Court's summary judgment Order the Supreme Court of Iowa had issued a decision clarifying that the good samaritan duty under Iowa law only extended to protecting a person from physical harm. The law of the case doctrine is inapplicable if "intervening controlling authority has reached a contrary decision," <u>Liberty Mut. Ins. Co. v. Elgin Warehouse and Equipment</u>, 4 F.3d 567, 571 (8th Cir. 1993), including changes in state law that apply to a suit in federal court.[2]

---

rendered no explicit holding about [an issue] and ... did not consider or give any direction as to the content of the notices.").

[2] <u>Kansas Public Employees Retirement System v. Russell</u>, 140 F.3d 748 (8th Cir. 1998) ("The law of the case doctrine 'does not apply when an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong"; holding that law of the case doctrine did not apply where

2. <u>Plaintiffs Cannot Recover Economic Losses</u>. Defendants' opening brief contended that plaintiffs could not recover economic damages on a negligence claim. Without citing any legal authority, plaintiffs contend that "[t]he cases dealing with economic losses and limiting recovery do not apply to the case at bar where the defendants directly acted against the plaintiff and/or its property." Pls. Res. at 30. The cases cited in defendants' initial brief do not support this contention, and plaintiffs have not alleged that the SBA took any direct action against plaintiffs' property; instead plaintiffs claim that the SBA failed to perform a field visit, failed to have a liquidation plan prepared, and failed to give written consent to the Bank's actions.

Plaintiffs do not otherwise contest this point, other than to argue that they can assert recovery for damage to their property. <u>See</u> Pls. Res. 29-30, 33-36.[3] Plaintiffs' claims for damages for lost property, however, also lack merit and should be denied. The only property that plaintiffs identify as part of their claims is "physical inventory, customer property and employee property that was seized." Pls. Res. at 30. There is no basis to hold defendants liable for alleged damages to property owned by persons who are not parties to this case, <u>i.e.</u>, property owned by either customers or employees. As to the claimed loss of physical inventory, plaintiffs present no facts that this property was injured; rather they claim that there can be recovery on a negligence claim

---

intervening decision by the Kansas Supreme Court changed Kansas law applicable to the case) (quotation omitted). As one well-regarded treatise has explained:

> Perhaps the most obvious justifications for departing from the law of the case arise when there has been an intervening change of law outside the confines of the particular case. The easiest cases occur when the law has been changed by a body with greater authority on the issue--a court higher in the hierarchy of a single court system, a state court developing state law that controls [a] decision by a federal court .....

18B, <u>Federal Practice</u> § 4478, at pp. 672-74.

[3] Plaintiffs suggest (Pls. Res. at 36) that they are entitled to "income" Audio Odyssey would have generated from the sale of inventory. This is incorrect. Such lost revenues or lost profits are exactly the type of economic loss that courts have held are not recoverable on negligence claims under Iowa law. <u>See</u>, <u>e.g.</u>, <u>Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.</u>, 345 N.W.2d 124 (1984).

for the alleged wrongful <u>seizure</u> of this property. This assertion appears to assert a claim for conversion, not negligence.[4]

Therefore, at a minimum, defendants are entitled to partial summary judgment regarding plaintiffs' damages requests for lost profits, loss of business opportunity, and loss of business, other than the alleged loss of physical inventory.

3. <u>Plaintiffs cannot recover for alleged reputation damages</u>. Defendants' initial brief argued that there was no recovery available under Iowa law for damage to reputation through negligence claims. Plaintiffs respond that the SBA's "actions or rather lack thereof, were willful and did demonstrate a reckless disregard for the rights and property of the plaintiffs", Pls. Res. at 31, but offer no facts to support this claim or legal authority that this assertion constitutes a viable claim under Iowa law. To the extent they now contend that the SBA has intentionally caused injury to their reputation, moreover, this claim would be barred by 28 U.S.C. § 2680(h).

4. <u>Plaintiffs' recovery for emotional damages is barred without physical injury</u>. Although plaintiffs argue that the SBA could be liable for mental pain in the absence of physical injury for "wilfull or malicious" acts, Pls. Res. at 32, there are no facts in the record that would support a contention that the SBA ever acted wilfully or maliciously towards the plaintiffs. Similarly, plaintiffs' suggestions, <u>id.</u>, that "Audio Odyssey did suffer physical harm" and thus could recover damages for emotional distress even though it is a company, and that the SBA's "silence" was an "intentional" act that could support recovery of emotional damages, simply defy logic. Notably, plaintiffs' do not offer a shred of evidence to support their contention that they have experienced distress "so severe that no reasonably man could be expected to endure it."

---

[4] <u>See, e.g.</u>, <u>Cordon Auto Sales & Serv., Inc. v. Crick</u>, 604 N.W.2d 587, 593 (Iowa 2000) ("Conversion is the wrongful control of dominion over another's property contrary to that person's possessory right to that property.").

5. <u>The SBA Owed No Good Samaritan Duty to Protect Plaintiffs' Property</u>. Plaintiffs contend (Pls. Res. 36-37) that the SBA negligently breached a good samaritan duty because there was injury to plaintiffs' property (as discussed above, this property is limited to "physical inventory"). To be able to make this claim, plaintiffs must be able to show, under either Restatement (Second) of Torts § 323 or 324A that the SBA undertook "to render services to another which [it] should recognize as necessary for the protection of the other's ... things ...." Plaintiffs have presented no facts that the liquidation plan, field visit, or any other requirement that plaintiffs allege the SBA failed to perform was a service that should have been recognized for the "protection" of a borrower's physical inventory. Indeed, the language in paragraph 19 of the Liquidation SOP makes clear that the purpose of the liquidation plan is to maximize recovery, not protect a borrower's inventory. Plaintiffs' contentions are invalid.

6. <u>Defendants cannot be liable for failing to perform a field visit</u>. Plaintiffs take issue with defendants' contention that the claim regarding the alleged non-performance of a field visit lacks merit. Pls. Res. 38-40. Defendants' papers (brief at 11) pointed out that the Liquidation SOP authorized the performance of a field visit by a "lender and/<u>or</u> SBA representative." SOP 50-51-1 ¶ 44c, (Att. 1 to Defs. Ex. 2) (emphasis supplied). As the Court of Appeals held in this case, "SOP 50 51 1 ¶ 44c mandates that a field visit be done by the lender, a representative of the SBA, or both." 255 F.3d at 519. Plaintiffs thus erroneously contend that "[o]f course a field visit can be done by the lender, but the SBA is required to conduct its own." Pls. Res. at 38. Notwithstanding Mr. Hoffman's testimony that no field visit was ever performed,[5] the facts are not in genuine dispute that the bank did visit the borrower's site "within ten working days

[5] Indeed, given the Mr. Hoffman's undisputed knowledge about the bank's visit, and his answer "no" in response to the question "Did anyone from the SBA conduct such a field visit in connection with this liquidation?", Deposition of Roger Hoffman, Tr. p. 152, lines 7-9, plaintiffs' Exhibit 19, it is reasonable to infer that Mr. Hoffman was referring to a field visit by the SBA.

following knowledge of conditions which create an 'in liquidation' situation", as required by

paragraph ¶ 44c. Plaintiffs' claim that the field visit requirement was not met lacks merit.

7. There is no basis to plaintiffs' negligence claims for alleged failure to perform liquidation plan. Plaintiffs contend that the SBA was "congressionally mandated to protect" Audio as a result of language in the Small Business Act. 15 U.S.C. § 631(a) stating the "policy of the Congress that the Government should aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns in order to preserve free competitive enterprise." (emphasis supplied). This contention fails because it is widely held that a precatory general statement of policy in a statute through the word "should" does not impose duties on governmental entities.[6]

Indeed, courts have rejected claims that the SBA had statutory and regulatory duties to participants in the SBA's minority-owned government contractor program (known as the 8(a) program). E.g., Concrete Tie of San Diego, Inc. v. Liberty Constr., Inc., 107 F.3d 1368 (9th Cir. 1997). The Concrete Tie court reasoned:

> While it may be the 'policy' of the SBA to enable 8(a) concerns to earn a reasonable profit, it has no duty to do so. Policies are the result of discretionary decisions and are established to guide the agency's employees; a declaration of policy does not create a legally enforceable duty.

107 F.3d at 1372. See Tectonics, Inc. v. Castle Constr. Co., 753 F.2d 957, 960 (11th Cir. 1985) (general policy in the Small Business Act that purpose of the government of "aiding, counseling,

---

[6] See Entergy, Arkansas, Inc. v. Nebraska, 241 F.3d 979, 989 (8th Cir.) (to find that "federal statutory provision gives rise to an enforceable statutory right" under 42 U.S.C. § 1983 requires, among other things, that "'the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms'") (quoting Blessing v. Freestone, 520 U.S. 329, 340-41 (1997)), cert. denied, ___ U.S. ___, 122 S. Ct 203, 151 L.Ed.2d 144 (2001); Oxy USA, Inc. v. Babbitt, 268 F.3d 1001, 1013 (10th Cir. 2001) (en banc) (construing language in a section of the statute titled "Congressional statement of findings and purposes", 30 U.S.C. 1701(a), which provides that the Secretary of Interior "should" take certain actions, as "precatory and aspirational, not mandatory").

encouraging, assisting and protecting the interests of small businesses" is public policy statement that shows "no intent to create civil rights of action in private persons.") (quotation omitted).

Congress, in establishing the general governmental policy to assist small businesses, set forth in section 631(a), also established the means by which the Government would provide such assistance, such as the SBA's 7(a) guaranteed loan program under 15 U.S.C. § 636(a). The SBA did, in fact, fulfill this role by assisting Audio Odyssey to obtain a loan through the guarantee of that loan. Plaintiffs' contentions that the precatory policies set forth in the Small Business Act required the SBA to act as a protector against any injury a small business might experience would transform the SBA into a general indemnitor of all small businesses, far beyond congressional intent or available governmental resources. This contention lacks merit.

SBA's initial brief demonstrated (p. 18) that the language in paragraph 44(a) of the Liquidation Plan (beginning with "In some rare situations ...") did not apply to this case because this language only applies if a liquidation plan is submitted, and, therefore, the following language in paragraph 44(a) that the SBA should "ascertain the essential facts" and "advise the lender that no action ... is to be taken" also didn't apply. Plaintiffs accuse defendants of engaging in a "bait and switch approach" with this argument (Pls. Res. at 43),[7] yet, in the very next paragraph of their brief plaintiffs argue:

> But the SOP does recognize 'some rare situations' where the first notice the SBA receives is the lender's liquidation plan.
>
> This seems to cover written and oral proposals, detailed ones and sketchy ones like that of John Bradley. So Hoffman should have, but failed to give the mandatory admonishments.

Remarkably, despite plaintiffs' claims that the SBA is liable for failing to prepare or have the bank prepare, a liquidation plan -- on this point -- plaintiffs argue that the phone call from John

---

[7] Defendant objects to plaintiffs' false accusation that there was "an admonishment at oral argument from the bench that the SBA was trying to misrepresent to or mislead the panel." Pls. Res. at 43.

Bradley was the same as a liquidation plan for purposes of their contentions that the SBA was required to give the so-called "mandatory admonishments" at the end of ¶ 44(a). The Court should reject this argument. Alternatively, if plaintiffs now take the position that "the lender's liquidation plan" was conveyed in the "sketchy" "oral proposal" from "John Bradley", the Court should dismiss the claim that the SBA failed to comply with the liquidation plan requirement.

8. <u>Defendants were not the cause of any injury to plaintiffs</u>. Defendants' moving papers (brief p. 25) pointed out that plaintiffs had failed to adduce a genuinely disputed material fact that the SBA's actions, or inactions, caused any damage or injury to plaintiffs. Plaintiffs offer no new facts to contest this assertion. <u>See</u> Pls. Res. at 45-47. As a matter of law, SBA is, therefore, entitled to summary judgment on all claims under Rule 56(c).[8]

Similarly, plaintiffs cite <u>Tenney v. Atlantic Associates</u>, 594 N.W.2d 11 (Iowa 1999) for the proposition that an intervening force will not relieve an actor of liability "if the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent", but present no fact to show that there was any information available to the SBA prior to the bank's actions that it was likely that the bank would fail to credit the loan payments the plaintiffs made or that the sheriff's deputies would improperly seize the real property rather than the personal property. Nothing in the Liquidation SOP in any way addressed, or was designed to prevent, either type of action.

9. <u>Plaintiffs' Contract Claims Lack Merit</u>. In six pages of argument in response to defendants' contentions that the contract claims are invalid, plaintiffs fail to address defendants' contentions that it had no duty under the contractual provision at issue and that the bank waived

---

[8] "Summary judgment is mandated when the nonmoving party fails to introduce sufficient evidence to establish an essential element of the case for which that party would have the burden of proof at trial." <u>Phillips v. The Marist Society of Washington Province</u>, 80 F.3d 274, 275-76 (8th Cir. 1996) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

any right to bring suit based on the SBA's alleged breach of that provision. Plaintiffs go to great lengths to show that they had privity of contract with the SBA regarding the loan authorization Audio entered to obtain the guaranteed loan, but fail to allege, yet alone present facts, that the SBA breached any provision in the authorization. Moreover, it has already been established that the plaintiffs were merely third-party beneficiaries of the Guaranty Agreement. Finally, even if the loan was to be administered in accordance with the Guaranty Agreement, this requirement does not negate the SBA's arguments that the paragraph 6 of the Guaranty Agreement did not impose a duty upon the SBA and that the Bank waived the right to obtain the written consent under that paragraph.

Respectfully submitted,

Steven M. Colloton
United States Attorney

By: _____
GARY L. HAYWARD, Assistant U.S. Attorney
2nd Floor, Courthouse Annex
110 E. Court Avenue
Des Moines, Iowa  50309-2043
(515) 284-6474
E-mail: gary.hayward@usdoj.gov

By: _Glenn Harris by GLH_
GLENN P. HARRIS
Chief Counsel for Enforcement
Office of General Counsel
U.S. Small Business Administration
409 Third St., SW, 7th Floor
Washington, DC  20416
(202) 205-6862
E-mail: Glenn.Harris@SBA.gov

Attorneys for Defendants

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing a copy thereof in the U.S. Mail, postage prepaid, in envelopes addressed to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on
_7/26_ , 20 _02_
_____

cc: Dale Naake

- 10 -